Stanley MEADOWS, Michael Henley and Waverly E. Futrell, Petitioners-Appellants,

v.

UNITED STATES MARSHAL, NORTHERN DISTRICT OF GEORGIA, Respondent-Appellee.

No. 30310

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 1, 1970.

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

Stanley Meadows, pro se.

Michael Henley, pro se.

Waverly E. Futrell, pro se.

John W. Stokes, Jr., U. S. Atty., Allen I. Hirsch, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

This is an appeal from the District Court's denial of a petition for a writ of mandamus. The order appealed from is appended to this opinion. For the reasons stated therein, the order is affirmed.

## APPENDIX

United States District Court
Northern District of Georgia
Atlanta Division

Stanley Meadows, Michael Henley and Waverly E. Futrell,

 Civil Action No. 13870

versus

United States Marshal,
Northern District of Georgia

## ORDER

Stanley Meadows, Michael Henley and Waverly E. Futrell, prisoners in custody at the United States Penitentiary, Atlanta, Georgia, seek to file a petition for a writ in the nature of mandamus, pursuant to 28 U.S.C. § 1361. The petition is allowed filed in forma pauperis.

Petitioners claim they are entitled to witness fees for testifying in federal court on behalf of Donald Luckett, a federal prisoner, who was being prosecuted by the government for an alleged assault which took place within the penitentiary. Petitioners were allegedly notified on April 13, 1970, that they were to "standby" for call as witnesses in Luckett's case. This standby status prevented petitioners from working their jobs in the prison industries, thereby causing them to lose wages. Petitioners remained on standby until they were called as witnesses on April 17, 1970. Petitioners are seeking per diem and mileage compensation for their services as witnesses, pursuant to 28 U.S.C. § 1821.

No authority has been cited, and this court is aware of none, for the proposition that federal prisoners are entitled to compensation for serving as witnesses in federal court. Such prisoners are in the custody of the Attorney General, and they are not in a position similar to ordinary witnesses who must incur private costs in order to testify. Mandamus relief is proper only where the duty owed is clear. This is not such a case.

The petition for a writ in the nature of mandamus, pursuant to 28 U.S.C. § 1361, is denied.

So ordered this the 17th day of June, 1970.

(Signed)

ALBERT J. HENDERSON, JR.
Judge, United States District Court for the Northern District of Georgia